IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PAIGE ROBERTS,<br><br>    Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>    Defendant. | 8:22CV83<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff's motion for attorney fees in the amount of $2,945.77 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), Filing No. 22, with attached exhibits 1–3. The Social Security Commissioner ("Commissioner") did not object to the motion. Filing No. 23.

*a. Motion for Attorney Fees under EAJA*

The EAJA provides for attorney fees if: "(1) the person is a prevailing party; (2) the individual's net worth did not exceed $2,000,000 at the time the civil action was filed; and (3) the fees and expenses were 'incurred by the party in [the] civil action' in which it prevailed." *U.S. S.E.C. v. Zahareas*, 374 F.3d 624, 630 (8th Cir. 2004) (quoting 28 U.S.C. § 2412(d)(1)(A)–(2)(B)). "The fees awarded must be reasonable." § 2412(d)(2)(A)(ii). A reasonable fee under § 2412 will not exceed "$125 per hour unless the court determines that an increase in cost of living or a special factor, such as limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.*

For a successful Social Security claimant to collect attorney fees, the Commissioner's position must lack substantial justification. 28 U.S.C. § 2412(d)(2)(A).

Substantial justification occurs when the Commissioner's position has a clearly reasonable basis in law and fact. *Brouwers v. Bowen*, 823 F.2d 273, 275 (8th Cir. 1987). The Commissioner bears the burden of proving that their position is substantially justified. *Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005). In this instance, the Commissioner does not argue their position was substantially justified and does not object to Plaintiff's EAJA motion.

The Court finds that the Plaintiff is entitled to attorney fees under the EAJA. The Plaintiff is the prevailing party. Filing No. 20. Additionally, the plaintiff's net worth did not exceed $2,000,000 at the time of filing for this civil action. Filing No. 22. The Plaintiff requests attorney's fees totaling $2,945.77 for:

> Time by Mr. Kappelman in 2022: 9.8 hours
> (billed at $234.95 per hour) = $2,302.51
>
> Time by Mr. Kappelman in 2023: 0.7 hours
> (billed at $242.35 per hour) = $169.65
>
> Time by Ms. Schram in 2022: 1.5 hours
> (billed at $234.95 per hour) = $342.43
>
> Time by Mr. Schram in 2023: 0.5 hours
> (billed at $242.35 per hour) = $121.18

*Id.*

An increase for the cost of living is generally allowed. *Johnson v. Sullivan*, 919 F.2d 503, 508–10 (8th Cir. 1990). The Court further finds that the increase in cost of living justifies a fee higher than $125 per hour and that the rates Plaintiff requested are reasonable. Counsel are highly touted social security attorneys. They work hard for their clients and obtain good results. They are committed to their indigent clients. The Court carefully reviewed the hours submitted and finds them reasonable in all aspects and also

finds that the increase in excess of $125.00 hourly rate is likewise justified based on inflation, the CPI, and the experience of counsel.

THEREFORE, IT IS ORDERED that:

1. The Plaintiff's motion for attorney fees, Filing No. 22, is granted in the amount of $2,945.77.

2. Pursuant to the Equal Access to Justice Act, attorney fees in the amount of $2,945.77 are to be paid directly to the Plaintiff and shall be delivered to the law offices of Wes Kappelman, KAPPELMAN LAW FIRM, less any offset to satisfy a pre-existing debt to the United States.

3. A separate judgment shall be entered in conjunction with the Memorandum and Order.

Dated this 13th day of September, 2023.

BY THE COURT:

s/ Joseph F. Bataillon  
Senior United States District Judge